UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No.

APPROXIMATELY $62,587.00 IN UNITED
STATES CURRENCY, and

SEVEN ASSORTED JEWELRY ITEMS,

    Defendants.

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM

The United States of America, by its attorneys, Brad D. Schimel, United States Attorney for the Eastern District of Wisconsin, and Elizabeth M. Monfils, Assistant United States Attorney for this district, alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1. This is a civil action to forfeit properties to the United States of America, under 21 U.S.C. § 881(a)(6), for violations of 21 U.S.C. § 841(a)(1).

### The Defendants In Rem

2. The defendant property, approximately $62,587.00 in United States currency, was seized on or about December 2, 2024, from Devin Beamon at 4XXX South 110th Street, Greenfield, Wisconsin.[1]

---

[1] Throughout this complaint, certain information has been redacted using the letter "X" as a means of avoiding the revelation of any personal information.

3. The defendant property, seven assorted jewelry items, more specifically identified in A through G below, was seized on or about December 2, 2024, from Devin Beamon at 4XXX South 110th Street, Greenfield, Wisconsin.

    A. Rose gold diamond necklace.

    B. Cartier diamond watch.

    C. Rolex with aftermarket diamonds.

    D. Beveled Cuban link necklace with diamond clasp.

    E. "PD" diamond pendant.

    F. Diamond tennis necklace.

    G. "Jazzy Forever Straight" diamond pendant.

4. The defendant properties are presently in the custody of the United States Customs and Border Protection in Milwaukee, Wisconsin.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. § 1355(b).

7. Venue is proper in this district under 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for Forfeiture

8. The defendant property, approximately $62,587.00 in United States currency, is subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6) because it was used or intended to be used in exchange for controlled substances, represents proceeds of

2

trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

9. The defendant property, seven assorted jewelry items, is subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6) because it represents proceeds of trafficking in controlled substances or was purchased with proceeds traceable to an exchange of money for controlled substances in violation of 21 U.S.C. § 841(a)(1).

**Facts**

10. Marijuana is a Schedule I controlled substance under 21 U.S.C. § 812.

11. Tetrahydrocannabinol ("THC") is a Schedule I controlled substance under 21 U.S.C. § 812.

12. Cocaine is a Schedule II controlled substance under 21 U.S.C. § 812.

13. On or about February 10, 2003, Devin Beamon pleaded guilty to a felony count in Milwaukee County Circuit Court, Case No. 02CF5600.

14. Since on or about February 10, 2003, Devin Beamon has been, and remains, a convicted felon.

15. As a convicted felon, Devin Beamon is prohibited from possessing a firearm.

**Background**

16. In late 2024, a confidential source ("CS") stated that Devin Beamon was a kilogram-level cocaine and a pound-level marijuana drug dealer who was in possession of firearms.

17. The CS had known Devin Beamon for more than three years and stated that Beamon sold large quantities of cocaine throughout that period of time.

18. Most recently, in late 2024, the CS saw Devin Beamon deliver more than four ounces of cocaine to separate individuals on more than one occasion and saw Beamon armed with a semi-automatic handgun during each of those transactions.

19. The CS saw Devin Beamon deliver narcotics to individuals using different types of bags, including grocery bags and duffel bags, to conceal the narcotics during the transactions.

**Surveillance**

20. During officers' investigation into Devin Beamon's drug trafficking activities, Beamon possessed and operated the following vehicles:

    A. A red 2017 Jaguar F-Pace SUV bearing Wisconsin license plate AJC-XXXX ("Jaguar"). The Jaguar is registered to Devin Beamon.

    B. A silver 2015 Chrysler 200 bearing Wisconsin license plate ATG-XXXX ("Chrysler"). The Chrysler is registered to Kamisha Boyd.

    C. A red 2015 Kia Forte bearing Wisconsin license plate AYN-XXXX ("Kia"). The Kia is registered to Kamisha Boyd.

**3XXX N. 86th Street, Milwaukee, Wisconsin**

21. Officers conducted surveillance at 3XXX N. 86th Street, Milwaukee, Wisconsin (the "86th Street residence"), an address associated with Devin Beamon. Records show that Kamisha Boyd purchased the 86th Street residence on or about October 6, 2016. In addition, WE Energies records showed an active utility account for the 86th Street residence in the name of Kamisha Boyd.

22. Based on their training and experience, officers know that large-scale drug traffickers often purchase, rent/lease, and/or title their assets in fictitious names, aliases, and/or in the name of relatives, associates, and associates of business entities to avoid detection of the assets by law enforcement.

23. Surveilling officers saw the following activity at the 86th Street residence:

A. On October 2, 2024, the Jaguar had been parked at the residence. The Chrysler arrived and parked. Devin Beamon, who was the driver, and an unknown male exited the Chrysler. Both walked toward the rear door of the residence and after a short time walked back from the rear door of residence.[2] Beamon then drove away in the Chrysler, and the unknown male drove away in the Jaguar. The total duration of this activity was approximately five minutes.

B. On October 8, 2024, the Kia had been parked at the residence. Devin Beamon exited the front door of the residence and remained on the front porch. About two minutes later, the same unknown male (from the October 2, 2024, surveillance) arrived and was carrying a grocery bag. Both individuals entered the residence. Approximately 25 minutes later, both individuals exited from the rear of the residence. The unknown male was no longer in possession of the grocery bag. Both individuals entered the Kia for less than one minute and then exited the Kia. The unknown male drove away. Beamon entered the residence for approximately 14 minutes and then exited from the rear of the residence and drove away in the Kia.

C. On October 9, 2024, the Kia arrived at the residence. Devin Beamon exited the driver's door of the Kia, used a key to open the back gate, and entered the rear of the residence. Beamon later exited the rear of the residence and drove away in the Kia. The total duration of this activity was approximately 12 minutes.

D. October 10, 2024, the Kia arrived at the residence. Devin Beamon exited the driver's door of the Kia and entered the rear of the residence. Beamon later exited the rear of the residence carrying a clear Woodman's grocery bag that contained two rectangular brick-shaped objects. Beamon entered the Kia and drove away. The total duration of this activity was approximately 12 minutes.

E. On October 12, 2024, the Jaguar arrived at the residence. Devin Beamon exited the driver's door of the Jaguar and entered the rear of the residence. Beamon later exited the rear of the residence, entered the Jaguar, and drove away. The total duration of this activity was approximately three minutes.

F. On October 13, 2024, the Jaguar exited the underground parking of the 110th Street residence, as described in paragraph 28A. Shortly thereafter, the Jaguar arrived at the 86th Street residence. Devin Beamon exited the driver's door of the Jaguar and entered the rear of the residence. Beamon later exited the rear of the residence carrying a duffle bag. Beamon entered the Jaguar and drove away. The total duration of the activity at the 86th Street residence was approximately eight minutes.

---

[2] The actual or physical rear entry/exit door of the residence was not visible to officers during surveillance.

G. On October 30, 2024, the Kia was parked at the residence. Devin Beamon exited the residence, entered the Kia, and drove away.

H. On November 23, 2024, the Jaguar arrived at the residence. Approximately six minutes later, the Jaguar drove away.

I. On November 29, 2024, the Jaguar exited the underground parking of the 110th Street residence, as described in paragraph 28D. Shortly thereafter, the Jaguar arrived at the 86th Street residence and parked. After about 15 minutes, the Jaguar drove away.

24. Based on the investigation to date, officers believe that Devin Beamon had complete access and control of the 86th Street residence.

25. Based on their training and experience, and the investigation to date, officers believe that Devin Beamon used the 86th Street residence as a narcotics stash house based, in part, on the frequency of visits and limited duration of time that Beamon remained at the residence upon his arrival; the grocery bag carried into and the grocery bag and duffle bag carried out of the residence (as described in paragraphs 23B, 23D, and 23F)[3]; the very limited foot traffic at the residence, including no observations of Kamisha Boyd, the owner of the property, at the residence; and the fact that the residence had surveillance cameras on the front and rear exit/entry doors of the residence.

**4XXX South 110th Street, Greenfield, Wisconsin**

26. Officers also conducted surveillance at 4XXX South 110th Street, Greenfield, Wisconsin (the "110th Street residence"), an address associated with Devin Beamon. WE Energies records showed an active utility account for the 110th Street residence in the name of Devin Beamon.

27. Based on their investigation to date, officers believe that Devin Beamon lived at the 110th Street residence.

---

[3] As noted in paragraph 19, the CS saw Devin Beamon deliver narcotics to individuals using different types of bags, including grocery bags and duffel bags, to conceal the narcotics during the transactions.

6

28. Surveilling officers saw the following activity at the 110th Street residence:

   A. On October 13, 2024, the Jaguar exited the underground parking structure of the residence and shortly after arrived at the 86th Street residence.[4] Further details are set forth in paragraph 23F.

   B. On October 16, 2024, the Kia arrived to and entered the underground parking structure of the residence. Devin Beamon was the driver and sole occupant of the Kia.

   C. On November 24, 2024, the Jaguar arrived to and entered the underground parking structure of the residence. Devin Beamon was the driver and sole occupant of the Jaguar.

   D. On November 29, 2024, the Jaguar exited the underground parking structure of the residence and shortly thereafter arrived at the 86th Street residence. Further details are set forth in paragraph 23I.

29. Based on their training and experience, officers know that it is common for large-scale drug traffickers to maintain and reside in more than one residence to allocate both their drug proceeds and their narcotics in secure separate locations if one of those residences would be compromised by either a rival drug dealer or by law enforcement.

**December 2, 2024, execution of search warrants**

   **3XXX N. 86th Street, Milwaukee, Wisconsin**

30. On December 2, 2024, officers executed a search warrant at the 86th Street residence.

31. No one was present during execution of the search warrant.

32. On December 2, 2024, the following items, among other things, were inside the 86th Street residence:

   A. In the southeast bedroom were identifying documents in the name of Devin Beamon.

---

[4] Based on the distance between the 110th Street residence and the 86th Street residence, along with the area speed limits, officers believe that Devin Beamon drove directly from the 110th Street residence to the 86th Street residence.

B. In the northwest bedroom were the following:

   i. Two loaded and chambered semi-automatic handguns, three additional firearm magazines, and several boxes of ammunition – all located in the closet.

   ii. A money counter and food sealer on a desk.

   iii. A cup that contained a digital scale and three baggies containing a total of approximately 46.48 grams of cocaine.

   iv. A clear plastic bag containing approximately 105 grams of marijuana on the floor in the middle of the room, a sealed Mylar bag containing approximately 455 grams of marijuana in a cardboard Home Depot box in the closet, and a clear plastic bag containing approximately 110 grams of marijuana inside a suitcase – for a total of approximately 670 grams of marijuana.

C. In the living room were identifying documents in the name of Devin Beamon.

D. In the kitchen was a roll of food saver bags.

E. In the laundry room were a box of ammunition and three extended firearm magazines inside the cabinets.

F. In the basement was a cardboard Home Depot box containing more than ten pound-size Mylar bags and a Certificate of Analysis of THC content from Arizona. At least two of the ten Mylar bags contained marijuana residue and an additional five bags had a strong odor of fresh marijuana.

**4XXX South 110th Street, Greenfield, Wisconsin**

33. On December 2, 2024, officers executed a search warrant at the 110th Street residence.

34. Devin Beamon was present during execution of the search warrant.

35. On December 2, 2024, the following items, among other things, were inside the 110th Street residence:

   A. In the kitchen were the following:

      i. Identifying documents – some to the 86th Street residence and some to the 110th Street residence – all in the name of Devin Beamon.

8

ii. Two iPhones.

iii. A D-ring containing multiple keys, including keys to the 86th Street residence.

B. In the southeast bedroom were the following:

i. In the closet was a locked safe that contained United States currency, which is a portion of the defendant approximately $62,587.00 in United States currency; the defendant seven assorted jewelry items; and identifying documents in the name of Devin Beamon.

ii. On the nightstand was a money counter.

iii. In a dresser drawer was a folder containing paperwork for the Jaguar and the Kia.

iv. On the bed was an iPhone.

C. Additional United States currency, which is a portion of the defendant approximately $62,587.00 in United States currency, was inside an empty five-gallon water bottle in a bedroom.

D. Additional United States currency, which is a portion of the defendant approximately $62,587.00 in United States currency, was on top of the kitchen counter.

36. The defendant approximately $62,587.00 in United States currency consists of the currency from all three locations identified in paragraphs 35Bi, 35C and 35D.

37. A drug detection canine gave a positive alert to the odor of a controlled substance on the approximately $62,587.00 in United States currency.

38. Devin Beamon's social media accounts showed photographs from the years 2021 through 2024 of Beamon wearing – at one time or another – one or more of the defendant assorted jewelry items identified in paragraphs 3A through 3F.

39. Devin Beamon's Facebook account had a Facebook Story posted on October 19, 2024. That video depicted a large quantity of United States currency on the bedroom dresser and a money counter on the bedroom nightstand in what appeared to be the 110th Street residence.

### Devin Beamon's State Drug Case

40. On December 7, 2024, Devin Beamon was charged in Milwaukee County Circuit Court, Case No. 24CF5708, with (1) possession of cocaine with intent to deliver, second or subsequent offense, use of a dangerous weapon, (2) possession of THC with intent to deliver, second or subsequent offense, use of a dangerous weapon, (3) maintaining a drug trafficking place, second or subsequent offense, use of a dangerous weapon, and (4) two counts of convicted felon in possession of a firearm.

### Administrative Forfeiture Proceedings

41. The United States Customs and Border Protection ("CBP") began administrative forfeiture proceedings against the approximately $62,587.00 in United States currency on the ground that the seized currency was used or intended to be used in exchange for controlled substances or was proceeds of trafficking in controlled substances.

42. CBP began administrative forfeiture proceedings against the seven assorted jewelry items on the ground that these seized items were purchased with proceeds traceable to an exchange of money for controlled substances.

43. On or about February 11, 2025, Kamisha Boyd filed a claim with CBP in the administrative forfeiture proceeding to the approximately $62,587.00 in United States currency and the seven assorted jewelry items.

### Warrant for Arrest In Rem

44. Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendant properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

### Claims for Relief

45. The plaintiff alleges and incorporates by reference the paragraphs above.

46. By the foregoing and other acts, the defendant property, approximately $62,587.00 in United States currency, was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

47. The defendant approximately $62,587.00 in United States currency is therefore subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6).

48. By the foregoing and other acts, the defendant property, seven assorted jewelry items, represents proceeds of trafficking in controlled substances or was purchased with proceeds traceable to an exchange of money for controlled substances in violation of 21 U.S.C. § 841(a)(1).

49. The defendant seven assorted jewelry items are therefore subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant properties be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment declare the defendant properties to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and equitable, together with the costs and disbursements of this action.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2026.

Respectfully submitted,

BRAD D. SCHIMEL
United States Attorney

By: *s/Elizabeth M. Monfils*
ELIZABETH M. MONFILS
Assistant United States Attorney
Wisconsin Bar No. 1061622
Office of the United States Attorney
Eastern District of Wisconsin

11

Case 2:26-cv-00048-LA   Filed 01/09/26   Page 11 of 13   Document 1

517 E. Wisconsin Avenue, Room 530  
Milwaukee, WI  53202  
Telephone: (414) 297-1700  
Fax: (414) 297-1738  
E-Mail: elizabeth.monfils@usdoj.gov

## Verification

I, Joseph Esqueda, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Department of Homeland Security, Homeland Security Investigations (HSI) in Milwaukee, Wisconsin, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and know the contents thereof, and that the factual matters contained in paragraphs 10 through 38 of the Verified Complaint are true to my own knowledge.

The sources of my knowledge and information are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Date: 01/09/2026

*s/Joseph L. Esqueda*
Joseph Esqueda
Task Force Officer
Homeland Security Investigations